UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Louis Talley

    v.                                              Civil No. 17-cv-85-SM

Officer J. Starkey

## REPORT AND RECOMMENDATION

Before the court is a complaint (Doc. No. 1) and complaint addendum (Doc. No. 7) filed by federal prisoner Louis Talley, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). This matter is before the undersigned magistrate judge for preliminary review to determine, among other things, whether Talley has stated any claim upon which relief may be granted. See 28 U.S.C. § 1915A(a); LR 4.3(d)(1).

## Standard

The court reviews complaints filed by pro se incarcerated plaintiffs to determine, among other things, whether plaintiff has asserted any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); LR 4.3(d)(1). In determining whether a

pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## **Background**

On June 14, 2016, Talley, who is African-American, was incarcerated at the Federal Correctional Institution, Berlin, New Hampshire ("FCI-Berlin").[1] On that day, FCI-Berlin Corrections Officer J. Starkey went to plaintiff's cell to pick up the dinner trays used by Talley and his cellmate, Mr. Johnson, who is also African-American. When Johnson attempted to give Starkey "Common Fare" trays, Starkey refused to take them, and began to verbally harass Johnson. Johnson then walked away, and Talley offered Starkey their regular dinner trays through the door slot, and asked Starkey why he had harassed Johnson over the other trays.

---

[1] Talley is presently incarcerated at the United States Penitentiary, Canaan in Pennsylvania.

2

Talley asserts that Starkey then "[a]ngrily . . . snatched" the trays, almost slamming Talley's hand in the door slot. Compl. at 10. Talley claims that when Starkey was leaving, he called plaintiff and his cellmate "the two nigger monkey boys," and began to imitate a monkey, scratching himself under his arms and imitating monkey sounds. Id.

**Discussion**

Talley alleges that Starkey discriminated against him, in violation of Talley's Fifth Amendment Equal Protection rights, by engaging in racially derogatory verbal harassment of Talley on June 14, 2016.[2] The Equal Protection Clause protects individuals from government conduct that subjects them to adverse treatment, as compared with those similarly situated, where the adverse treatment was motivated by racially discriminatory intent. See Ríos-Collin v. Toledo-Dávila, 641 F.3d 1, 4 (1st Cir. 2011). "The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution." DeWalt v. Carter, 224 F.3d 607, 612 (7th

---

[2] Talley has invoked the Fourteenth Amendment as the source of his right to equal protection of the laws. Because Talley is a federal prisoner, his equal protection claim arises under the Fifth Amendment.

3

Cir. 2000). "Standing alone, simple verbal harassment does not . . . deny a prisoner equal protection of the laws." Id. (footnote omitted); see also Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999) ("[A]n officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation. . . . Where the conduct at issue consists solely of speech, there is no equal protection violation."); Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir. 1999); McCormack v. Town of Whitman, Civil Action No. 10-10461-PBS, 2013 U.S. Dist. LEXIS 38637, at *34, 2011 WL 1187093, at *11 (D. Mass. Mar. 20, 2013).

Taken as true, Talley's allegations describe behavior by Starkey that is both unprofessional and reprehensible, but the allegations do not describe any action by the defendant that violated Talley's equal protection rights. Starkey's actions, as described, amount to no more than verbal harassment. Accordingly, Talley has failed to state an actionable equal protection claim against Starkey, and the complaint should be dismissed.

## **Conclusion**

For the foregoing reasons, the District Judge should dismiss the complaint in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 17, 2017

cc: Louis Talley, pro se