UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Louis Talley

    v.                                           Case No. 17-cv-85-SM
                                                 Opinion No. 2018 DNH 126

Officer J. Starkey

**O R D E R**

Louis Talley, a federal prisoner appearing pro se, filed an action against Corrections Officer J. Starkey (CO Starkey), pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Specifically, he claimed that CO Starkey violated his constitutional right to equal protection when CO Starkey: (1) "angrily snatched" a food tray from him and almost slammed his hand into the slot in the door of his cell; (2) used a racial slur to address him and his cellmate (both Talley and his cellmate are African-American); and (3) imitated a monkey by making both sounds and gestures.

The magistrate judge recommended dismissal of Talley's complaint, for failure to state claim upon which relief can be granted. In an order dated September 5, 2017, the court noted plaintiff's objection to the magistrate judge's report and recommendation, approved the report and recommendation, dismissed plaintiff's complaint in its entirety, and directed the Clerk of Court to close the case. See Order (doc. no. 10)

1. Two days later, the Clerk of Court entered judgment in accordance with the court's order, and closed the case. See doc. no. 11.

Now before the court is Talley's motion for summary judgment. Given that judgment has already been entered in favor of defendant, plaintiff's motion for summary judgment is untimely. In deference to Talley's pro se status, the court will construe his pleading as a motion for relief from judgment, pursuant to Rule 60 of the Federal Rules of Civil Procedure. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (explaining that pro se pleadings are to be construed liberally). Even so, Talley is not entitled to the relief he seeks, which is either summary judgment in his favor or the opportunity to take his claim to trial.

Under Rule 60, a district court may relieve a party from judgment for the following reasons:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that

has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, Talley's motion says nothing that establishes any of the six grounds for relief described in Rule 60(b)(1)-(5), so the court considers whether Talley's motion provides the court with any reason to vacate the judgment of dismissal in this case under Rule 60(b)(6). Relief under Rule 60(b) is extraordinary, so that a party seeking relief "must establish, at the very least, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Rivera–Velázquez v. Hartford Steam Boiler Insp. & Ins. Co., 750 F.3d 1, 3–4 (1st Cir. 2014). Talley's motion is timely filed, and there are no opposing parties in this case, so this court considers whether, in his motion, Talley has demonstrated that he has a potentially meritorious claim in this case. See id.

The crux of Talley's argument is that the magistrate judge and this court overlooked an exhibit that he attached to both his complaint and his objection to the magistrate judge's report and recommendation. In Talley's view, that exhibit establishes

3

the factual basis for the equal-protection claim asserted in his complaint.

The exhibit at issue is a response he received to a Central Office Administrative Remedy Appeal he submitted to the Federal Bureau of Prisons ("BOP") concerning the same misconduct, by CO Starkey, upon which this action is based. In the BOP's response, Ian Connors, Administrator of National Inmate Appeals, indicated that his office "concur[red] with the manner in which the Warden and Regional Director [had] addressed [Talley's] concerns." Doc. no. 7, at 2 of 5. He continued:

> Staff conduct is governed by Program Statement 3420.11, Standards of Employee Conduct, and the Bureau of Prisons takes seriously any allegation of staff misconduct, such as those you raised in this remedy cycle. We look into matters which may constitute inappropriate conduct and refer them to another component of the Bureau of Prisons for appropriate action. The matter has been forwarded to the appropriate Bureau component for further review.

Id. While the passage quoted above indicates that the BOP intended to further investigate Talley's claim, it is not, as Talley suggests, an admission by the BOP that CO Starkey committed the equal-protection violation on which Talley bases his Bivens claim.

In his motion, Talley does nothing more than restate the arguments he made in his objection to the magistrate judge's report and recommendation, arguments that this court has already considered and rejected. Talley has failed to demonstrate,

4

therefore, that if the court were to vacate the judgment in this case, "he has the right stuff to mount a potentially meritorious claim." Rivera-Velázquez, 750 F.3d at 3. Because Talley has failed to provide grounds to grant him relief from judgment under Rule 60(b)(6), his motion (Doc. No. 14) is denied.

**SO ORDERED.**

						/s/ Steven J. McAuliffe
						Steven J. McAuliffe
						United States District Judge

June 19, 2018

cc:	Louis Talley, pro se